■ ANTOINETTE BREWSTER et al., Appellants, v. HOTEL GRAMATAN, INC., Respondent.— In a negligence action to recover damages for personal injuries, medical expenses and loss of services resulting from the female plaintiff's fall while dancing on defendant's premises, plaintiffs appeal from an order of the City Court of Mount Vernon, dated May 26, 1961, which: (1) granted defendant's motion to vacate a default judgment entered against it in favor of the plaintiffs after inquest; and (2) restored the action to the calendar for trial upon the payment of specified costs. Order affirmed, with $10 costs and disbursements. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ CASTLE INN RESTAURANT, INC., et al., Respondents, v. STASSA PREVELEGIANOS et al., Appellants.— In an action for specific performance of a written agreement purporting to relate to the sale of a restaurant business and the leasing of premises in which the business is located, defendants appeal from an order of the Supreme Court, Queens County, dated April 12, 1962, which denied their motion, made pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Order reversed, and motion granted, with $10 costs and disbursements, and with leave to plaintiffs, if so advised, to serve an amended complaint within 30 days after entry of the order hereon. In their complaint, plaintiffs allege that a certain writing annexed thereto as "Exhibit A" constitutes the agreement with respect to which they seek specific performance. That writing, however, does not state the subject matter of the transaction, i.e., what was to be sold and what was to be leased. It lacks the completeness and certainty which are essential in order to compel the specific performance of a contract. In addition, the writing does not indicate that the individual (as distinguished from the corporate) parties to the action were parties to the agreement. In the absence of appropriate allegations showing the existence of a complete and definite contract binding upon the defendants, a cause of action for specific performance is not stated. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ SARAH CAVANAUGH, Respondent, v. BROOKLYN UNION GAS COMPANY, Appellant, et al., Defendants.— In an action to recover damages for personal injuries arising out of a gas explosion in a gas range, defendant Brooklyn Union Gas Company appeals from so much of a judgment of the Supreme Court, Kings County, entered October 17, 1961 after trial, upon the jury's verdict, as is in favor of plaintiff Sarah Cavanaugh and against it. Judgment, insofar as appealed from, reversed on the facts, action severed as against all the defendants other than the Gas Company, and a new trial granted as between the plaintiff Sarah Cavanaugh and the defendant Gas Company, with costs to abide the event. In our opinion, the verdict against the Gas Company was contrary to the weight of the credible evidence. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.